# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, N.A., | Case No. 2:13-cv-01679-GMN-NJK |
| Plaintiff(s), | |
| v. | ORDER DENYING MOTION FOR CLERK'S ENTRY OF DEFAULT JUDGMENT |
| QUEEN VICTORIA #1720-104 NV WEST SERVICING LLC, | |
| Defendant(s). | (Docket No. 14) |

Pending before the Court is Plaintiff's motion for the Clerk to enter default judgment pursuant to Fed. R. Civ. P. 55(b)(1). Docket No. 14. Plaintiff's complaint brings claims for declaratory relief and to quiet title. *See* Docket No. 1 (Compl.).[1] Plaintiff asserts that default judgment is properly entered by the Clerk pursuant to Fed. R. Civ. P. 55(b)(1) because its claims are for a "sum certain" of zero dollars. *See* Docket No. 14. Plaintiff is incorrect. An action for declaratory relief is not for a "sum certain" and Fed. R. Civ. P. 55(b)(1) does not apply. *See Spence v. United States*, 2010 WL 4806906, *3 (E.D. Cal. Nov. 18, 2010) (finding Fed. R. Civ. P. 55(b)(1) inapplicable for claims for declaratory relief and to quiet title); *see also Western World Ins. Co. v. Czech*, 275 F.R.D. 59, 62 (D. Mass. 2011) (default judgment could not be entered by Clerk under Fed. R. Civ. P. 55(b)(1) for claim for declaratory

---

[1] Contrary to the assertions in the pending motion, Plaintiff's complaint also seeks attorney's fees. *Compare* Docket No. 14, Decl. of Gregory Wilde ¶¶ 2 ("The Complaint filed in this case . . . is not seeking any damages or fees from Defendant") *with* Compl. ¶¶ 20, 24 ("Plaintiff is entitled to any and all expenses incurred including, without limitation, all attorney's fees and costs of suit") *and* Compl. Prayer for Relief 3 (seeking "reasonable attorney's fees").

judgment); *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 329 (W.D. Mich. 2000) (same). Accordingly, Plaintiff's request that the Clerk enter default judgment is hereby **DENIED**.

To the extent Plaintiff continues to seek default judgment in this case, it must bring a motion to the Court pursuant to Fed. R. Civ. P. 55(b)(2). The Court reminds Plaintiff that a defendant's default alone does not entitle it to a court-ordered judgment. *See, e.g.*, *Utica Mutual Ins. Co. v. Larry Black*, 2014 U.S. Dist. Lexis 33501, *5 (D. Nev. Feb. 21, 2014), *adopted*, 2014 U.S. Dist. Lexis 33500 (D. Nev. Mar. 14, 2014). Accordingly, any motion for default judgment must include discussion of the seven factors relevant to the Court's analysis. *See id.* In this case, such a motion should also explain why sufficient proof has been provided that Defendant "Queen Victoria #1720-104 NV West Servicing LLC" was served given that the proof of service filed in this case shows service on "Nevada West Servicing LLE." *See* Docket No. 11.

IT IS SO ORDERED.

DATED: May 30, 2014

_____
Nancy J. Koppe
United States Magistrate Judge