UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, N.A., )<br>  )<br>                Plaintiff(s),    )<br>  )<br>v.   )<br>  )<br>QUEEN VICTORIA #1720-104 NV WEST   )<br>SERVICING LLC,   )<br>  )<br>                Defendant(s).   )<br>_____) | Case No. 2:13-cv-01679-GMN-NJK<br><br>ORDER DENYING MOTION FOR<br>DEFAULT JUDGMENT<br><br>(Docket No. 18) |

"Judges are not like pigs, hunting for truffles buried in briefs." *See, e.g.*, *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)). Bare assertions of a right to relief are not valid or sufficient. *Id.* (finding argument waived for failing to present "specific, cogent argument"). In short, "[a] judge is an impartial umpire of legal battles, not a [party's] attorney. [She] is neither required to hunt down arguments the parties keep camoflauged, nor required to address perfunctory and undeveloped arguments. . . . To the extent [a party] fails to develop any additional arguments or provide support for them,[it] has waived them." *The Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *8 n.4 (D. Nev. May 14, 2013) (quoting *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001)).

Pending before the Court is Plaintiff's second attempt to move for entry of default judgment. Docket No. 18.[1] Plaintiff's motion fails to present meaningfully-developed arguments supported with

---

[1] The Court previously denied Plaintiff's motion (consisting of less than one page of "argument") for entry of default judgment. *See* Docket No. 15 (denying Docket No. 14). The Court directed Plaintiff to ensure that any renewed motion for default judgment properly addressed the seven *Eitel* factors relevant to the Court's analysis. *See id.* at 2.

citation to authority. By way of example, Plaintiff argues that the merits of its substantive claim favors entry of default judgment. The argument in support of that position is, in its entirety, the following:

> Regarding the merits of the Plaintiff's substantive claims, while there is a split of authority among state court and federal court judges in Nevada regarding the effect, if any, of a non-judicial homeowners association foreclosure sale under NRS 116 on a first position deed of trust, the majority have thus far sided with secured creditors on this issue.

Docket No. 18 at 6. Plaintiff fails to articulate precisely the legal issue involved, how it applies to this case, or even which provisions of N.R.S. 116 are at issue. Plaintiff fails to provide a single citation to either line of legal precedent. Plaintiff fails to indicate if Chief United States District Judge Gloria M. Navarro (the presiding district judge in this case who will review any report and recommendation issued by the undersigned) has weighed in on the dispute. Plaintiff fails to cite to case law that this *Eitel* factor weighs in favor of default judgment simply based on the (asserted) fact that a majority of judges believe the claim does not fail as a legal matter. Instead, Plaintiff asks this Court to blindly accept its unsupported assertion that a majority of cases have found that its claim is not legally faulty and, consequently, that this factor weighs in favor of entry of default judgment. This the Court will not do.

Similarly, Plaintiff appears to argue that the Court need not reach the *Eitel* factors at all, arguing that "[t]he Defendant has not appeared in this action to dispute the allegations or contest the relief sought by the Plaintiff, *and there are no issues that require further inquiry by the Court prior to entry of default judgment*." *See* Docket No. 18 at 5 (emphasis added). As this Court has made clear previously, however, the mere failure of Defendant to appear and the entry of a default "alone does not entitle [Plaintiff] to a court-ordered judgment." Docket No. 15 at 2 (citing *Utica Mutual Ins. Co. v. Larry Black*, 2014 U.S. Dist. Lexis 33501, *5 (D. Nev. Feb. 21, 2014) (Koppe, J.), *adopted*, 2014 U.S. Dist Lexis 33500 (D. Nev. Mar. 14, 2014) (Navarro, C.J.)). Plaintiff fails to provide citation to legal authority or develop in any way its apparent argument that the undersigned should recommend entry of default judgment in this case based solely on the fact that Defendant has not appeared, a position that appears to be directly at odds with the case law in this District and precedent issued from the Ninth Circuit.

The Court's discussion above does not provide an exhaustive list of the shortcomings in the pending motion.[2]  Suffice it to say, however, Plaintiff has not provided developed arguments sufficient for the Court to rule on the pending motion.  When a party seeks relief from this Court, it bears the obligation of providing a basis for the relief sought through meaningful discussion of the relevant legal and factual issues involved.  In the pending motion for default judgment, Plaintiff has not done so.  Accordingly, the Court **DENIES** the motion without prejudice.  Any renewed motion for default judgment must be filed no later than October 10, 2014.

IT IS SO ORDERED.

DATED: September 10, 2014

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] In addition to failing to develop arguments, some of the arguments presented are plainly inapposite to the Court's analysis. *Compare Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (listing as the first relevant factor "the possibility of prejudice to the *plaintiff*" (emphasis added)) *with* Docket No. 18 at 6 (analyzing "the likelihood of prejudice to the *defendant*" (emphasis added)).

3