# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, N.A., | ) |
| Plaintiff(s), | ) Case No. 2:13-cv-01679-GMN-NJK |
| v. | ) REPORT AND RECOMMENDATION |
| QUEEN VICTORIA #1720-104 NV WEST SERVICING LLC, | ) |
| Defendant(s). | ) |

Currently before the Court is Plaintiff's third motion for default judgment. Docket No. 21. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the undersigned **RECOMMENDS** denial of the motion for default judgment and entry of dismissal.

## I.    STANDARDS

When reviewing a motion for entry of default judgment, the general rule is that courts take as true the factual allegations in the complaint, except those related to the amount of damages. *See, e.g.*, *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam). A defendant's non-appearance and subsequent default alone do not entitle the movant to a court-ordered judgment. *See, e.g., DFSB Kollective Co. Ltd. v. Bourne*, 897 F. Supp. 2d 871, 878 (N.D. Cal. 2012). Instead, whether to enter default judgment is a discretionary decision. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). The Ninth Circuit has held that it is not an abuse of discretion to deny

default judgment when the movant's claims lack merit. *Id.* (affirming denial of motion for default judgment and *sua sponte* dismissal of claims).

## II. ANALYSIS

This case arises out of a non-judicial homeowners association foreclosure. Plaintiff alleged that it is owed in excess of $200,000 on the property at 1720 Queen Victoria Street, #104, Los Vegas, Nevada, 89144. Compl. ¶ 1. On or about February 13, 2013, Defendant became the titled owner of that property for $10,100 following a homeowners association foreclosure sale. Compl. ¶ 11. Plaintiff brought this action for declaratory relief and to quiet title:

> Plaintiff seeks an order from this Court, pursuant to NRS 40.010, declaration that the deed of trust securing the $219,950.00 loan continues to encumber the Subject Property as security for the note detailed herein notwithstanding the purported homeowners association sale on February 12, 2013 and that this security interest was not abrogated by the purported homeowners association sale.

Compl. ¶ 22. Defendant has failed to appear in this action, and the Clerk entered default against it. *See* Docket No. 13.

Since this action was filed, the Nevada Supreme Court has held that a homeowners association has a true superpriority lien over a property and, as a result, a non-judicial homeowners association foreclosure extinguishes a first position deed of trust on the property. *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 409 (Nev. 2014) (*en banc*). Plaintiff now acknowledges that holding. *See* Docket No. 21 at 5-6. Nonetheless, Plaintiff argues that the Nevada Supreme Court would still allow its interest not to be extinguished through a non-judicial homeowners association foreclosure in this case on the basis of fraud, oppression, or unfairness. *See id.* at 6 (citing *Long v. Towne*, 98 Nev. 11, 13, 639 P.2d 528, 530 (1982)). The Court is not persuaded.

First, as a threshold matter, the Court notes that the Complaint does not allege fraud, oppression, or unfairness. Instead, the Complaint seeks a straightforward ruling that a non-judicial homeowners association foreclosure does not extinguish a first position deed of trust. *See* Compl. ¶ 22. Plaintiff's new arguments regarding fraud, oppression, or unfairness are predicated on exhibits it has attached to its motion for default judgment. *See* Docket No. 21 at 6-7, Exhs. 1-5. This is not proper. In reviewing a motion for default judgment, courts accept as true the well-pleaded factual allegations in the complaint. *E.g.*, *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam). "However,

it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 138, 1392 (9th Cir. 1988); *see also Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default"); *Pueblo Trading Co. v. El Camino Irrig. Dist.*, 169 F.2d 312, 313 (9th Cir. 1948) (any default judgment is limited by the scope of the complaint).[1] Pleading deficiencies cannot be cured through later presentation of evidence to the Court. *Cf. Alan Neuman*, 862 F.2d at 1393 (the failure to allege a valid claim was not cured by evidence presented at the default "prove up" hearing). In this case, allegations of fraud, oppression, or unfairness are not pleaded in the complaint and, therefore, cannot be the basis of entry of default judgment.

Second, even assuming fraud, oppression, or unfairness were pleaded in this case, Plaintiff's arguments are not meritorious. Plaintiff complains of purported deficiencies in its notice of the foreclosure. *See* Docket No. 21 at 6. For example, Plaintiff complains that none of the notices explained to Plaintiff the precise amount of the homeowners association's superpriority lien. *See id.* This is the same argument that U.S. Bank raised to the Nevada Supreme Court. The Nevada Supreme Court rejected that argument, explaining that the notices provided a range of specific lien amounts;[2] U.S. Bank acknowledged that dues will typically comprise most, perhaps even all, of the homeowners association lien; and nothing stopped U.S. Bank from exercising due diligence to determine the precise superpriority amount in advance of the sale or pay the entire amount and request a refund of the balance. *SFR Investments*, 334 P. 3d at 418. As such, the Nevada Supreme Court found U.S. Bank's notice

---

[1] To the extent Plaintiff might contend that its current arguments are simply a different legal theory advancing the same type of claim, the undersigned still finds the complaint deficient since it fails to provide notice of the new legal theory. *Cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-94 (9th Cir. 2000) (party cannot oppose summary judgment with new legal theory of liability when it was not pleaded in the complaint and notice of that legal theory was not otherwise provided).

[2] That appears to be the same situation here. *See* Docket No. 21, Exhs. 1-4.

3

argument unpersuasive.[3] Although the Nevada Supreme Court addressed this issue in the context of due process, the Court finds its analysis controlling here as to Plaintiff's more general fairness argument.

Plaintiff also argues that it would be unfair and oppressive to allow a deed of trust worth more than $200,000 to be extinguished through a $10,100 non-judicial foreclosure sale. *See* Docket No. 21 at 6-7. Once again, this argument was raised by U.S. Bank and rejected by the Nevada Supreme Court in *SFR Investments*. In that case, the Nevada Supreme Court noted U.S. Bank's argument that it "is unfair to allow a relatively nominal lien—nine months of HOA dues—to extinguish a first deed of trust securing hundreds of thousands of dollars of debt." *SFR Investments*, 334 P.3d at 414. The Nevada Supreme Court flatly rejected that fairness argument, asserting that U.S. Bank as the junior lienholder could have taken steps to avoid any unfairness; namely, it could have paid off the lien or established an escrow for assessments to avoid having to use its own funds. *See id.* The Nevada Supreme Court concluded that "[t]he inequity U.S. Bank decries is thus of its own making" and not reason for courts to depart from the plain meaning of the statute. In short, the Nevada Supreme Court considered and rejected this same fairness argument.

Accordingly, the undersigned finds that Plaintiff's claims are not sufficiently pleaded and lack merit. As a result, the Court **RECOMMENDS** that the motion for default judgment be denied and that Plaintiff's claims be dismissed.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

---

[3] To the extent Plaintiff otherwise challenges the sufficiency of the notices, it has failed to show that the notices provided did not comply with the applicable statutory requirements. *Cf. SFR Investments*, 334 P.3d at 418 (crediting assertion that all statutory notice requirements had been met).

issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: January 5, 2015

_____
Nancy J. Koppe
United States Magistrate Judge